## HUGILL *v.* KINNEY, ET AL.

### FORGED INSTRUMENTS—ESTOPPEL.

An offer of a reward of five hundred dollars was published over the names of the appellants in the *Weekly Astorian*, payable upon the conditions therein named. The plaintiff performed the conditions entitling him to the reward, and brought his action to recover the same. The appellants denied that they offered the reward, and denied that they authorized the publication. At the trial, the jury were instructed that if knowledge of the published offer of reward (though its publication was in no way authorized by them) came to the defendants, and they did not object to, countermand, or deny it, they were liable: *Held*, That the appellants were not estopped to deny the publication.

APPEAL from Clatsop. The facts are sufficiently stated in the opinion.

*Milton Elliott*, for appellants.

*F. D. Winton*, for respondent.

By the Court, WALDO, J.:

The facts in this case are, that some time in the year 1877, there appeared over the names of the defendants, in the *Weekly Astorian*—a newspaper published in Astoria, Oregon—an advertisement purporting to be an offer of reward, of which the following is a copy:

"$500 REWARD.

"The above sum will be paid for evidence which will convict of a crime any person or persons cutting or injuring any net or nets, or in any way molesting by threats or intimidation any fisherman lawfully pursuing his business as such on the Columbia river. Also, $50 will be paid for the arrest and conviction of any person or persons found purchasing from any cannery's boat on the Columbia river, without authority from the owner of said boat."

The plaintiff alleged a performance of the conditions entitling him to recover said sum of five hundred dollars, and

the defendants having refused payment, he brought his action to recover. The appellants denied the publication.

At the trial, the court charged the jury that if knowledge of the published offer of reward, although its publication was in no way authorized by defendants, came to them and they did not object to, countermand, or deny it, they were liable. The instruction goes on the ground that the appellants were estopped by their silence, to deny that ·the published offer of reward was their act.

The facts to which the instruction was applied—the mere knowledge of the existence of the unauthorized advertisement—bring the case within the rule laid down in *Meley* v. *Collins*, 41 Cal., 663. In that case there was a forged deed, in all respects regular on its face, put upon record, purporting to have been executed by the plaintiff to the grantor of the defendant's grantor. The evidence tended to prove that the defendants had no knowledge that the said nominal deed of the plaintiff was a forgery. It was shown that the plaintiff had knowledge of the existence of the deed several years before she brought her action, and before the defendant made his purchase, and took no steps to correct the false impression carried by the record. The case presented was, whether the mere silence of the plaintiff under such circumstances, and the possible and even probable fact that some one might act to his injury on what appeared to be the true state of the title would estop plaintiff to assert title to the land against an innocent purchaser. The court held that it would not. It is only where silence becomes a fraud that it works an estoppel. (*Hill* v. *Eply*, 31 Penn. St., 334.)

Now in this case there is nothing to found an estoppel upon, but the mere knowledge of the defendants that an advertisement over their names had appeared in the public press. This advertisement was not the act of the defendants ; hence to make them liable the act of the plaintiff must have been done under such circumstances that the silence of the defendants

amounted to a fraud upon him. This requires some intent—an implied admission on the part of the defendants.

The principle is the same " that is applied in the case of deeds of real estate, that he who stands by at the sale of his property by another person, without objecting, will be precluded contesting the purchaser's title." (*Corser* v. *Paul*, 41 N. H., 31 ; 1 Greenleaf on Evidence, section 197.)

The plaintiff's belief in the genuineness of the advertisement, like the belief in the genuineness of the deed in the case of *Meley* v. *Collins*, above, cannot of itself affect the appellants. They must have been placed in such a situation that their conduct was equivalent to standing by and seeing the plaintiff act, knowing that he believed the advertisement to be genuine. The instruction was not applied to such a case, but made it the duty of appellants generally, when the knowledge of the advertisement came to them, to contradict it in a public manner, or affirmatively undeceive the plaintiff. The mere failure to do this cannot, under the authorities cited, be construed into an admission of the genuineness of the advertisement. The judgment of the circuit court must be reversed and a new trial ordered.

Judgment reversed.